# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF LIBORIUS AGWARA, BAR NO. 7576.

No. 77121



FILED

OCT 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Liborius I. Agwara. Under the agreement, Agwara admitted to violating RPC 1.4 (communication), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct). He agreed to a three-year suspension with two years stayed, subject to certain conditions.[1]

Agwara admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that he violated the above-listed rules by commingling client funds with personal funds, misusing his client trust account and failing to keep records, failing to timely communicate with clients and lienholders, failing to pay liens and funds

---

[1]Agwara has filed a brief disputing some of the facts to which he stipulated in the plea agreement and requesting this court impose discipline less than that agreed upon in the plea agreement. We decline to consider Agwara's arguments, as he knowingly and voluntarily entered into the conditional guilty plea, and SCR 113 precludes our modification of a guilty plea agreement.

19-43425

owed to clients in a timely manner, loaning money to a client without advising him to consult with independent counsel, and failing to respond to the State Bar's request for records when investigating clients' grievances against Agwara.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Agwara intentionally violated duties owed to his clients (communication, conflict of interest, safekeeping property) and to the legal profession (misconduct). His clients and third parties suffered actual or potential injury as a result of not receiving their funds in a timely manner. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating or mitigating factors is suspension. *See id.*, Standard 4.12 (providing that suspension is appropriate when the attorney "knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's finding of four aggravating circumstances (prior disciplinary offenses, dishonest and selfish motive, a pattern of misconduct,

and multiple offenses), and one mitigating circumstance (interim rehabilitation). Considering all of the factors, we agree with the panel that the agreed-upon discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, we hereby suspend Agwara from the practice of law in Nevada for three years, with two years stayed, from the date of this order subject to the following conditions. As set forth in greater detail in the modified conditional guilty plea, Agwara shall provide the State Bar with a detailed accounting of the funds in his Nevada State Bank trust account and his Wells Fargo Bank trust account within seven days of the date of this order or he shall forfeit those funds to the State Bar of Nevada's Client Security Fund. If there is a dispute concerning the sufficiency of the accounting, it shall be submitted at Agwara's expense to an independent accounting firm. Agwara shall remit to the State Bar all documentation evidencing payment of each check issued from the $410,000 settlement pertaining to his client J. Monterroso, and if he fails to do so, he shall disgorge those portions along with the $4,180.24 currently in the Wells Fargo Bank trust account. Agwara shall not take any actions to default Monterroso in the interpleader action. Agwara shall remit to the State Bar all documentation evidencing payment of each check issued from the $700,000 settlement pertaining to his client P. Payeras, and if he fails to do so, he shall disgorge those portions along with the remaining $82,354 currently in the Wells Fargo Bank trust account and the $50,000 bond with taxes for the interpleader. Agwara shall continue to cooperate with the State Bar in distributing the funds in the trust accounts. If he is reinstated, he shall be placed on probation for at least one year wherein a mentor shall monitor his practice and ensure that funds are being properly distributed

from his trust accounts. Agwara shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 7 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.       _____, J.
Pickering                            Hardesty

_____, J.       _____, J.
Parraguirre                        Stiglich

_____, J.       _____, J.
Cadish                              Silver

cc:   Chair, Southern Nevada Disciplinary Board
      William B. Terry, Chartered
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court